UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY ASHCRAFT,

    Plaintiff,

v.                                                Case No: 6:12-cv-579-Orl-28TBS

SOUTHERN IMAGE LANDSCAPE
INDUSTRIES, INC. and KEITH TAYLOR,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Second Joint Motion for Approval Proposed Settlement and Stipulation for Dismissal with Prejudice. (Doc. 24). The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. claims against the Defendants. The Court has examined the motion and the parties' revised settlement agreement, and for the reasons set forth herein, respectfully recommends that the motion be **GRANTED**.

### I. Background

On April 16, 2012, Plaintiff Jeffrey Ashcraft filed this action against his former employers Southern Image Landscape Industries, Inc. and Keith Taylor for unpaid overtime compensation and liquidated damages under the FLSA. (Doc. 1).[2] Plaintiff

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] The action was brought on behalf of Plaintiffs and all other similarly situated individuals. However, a review of the record reveals that no individuals have opted into this lawsuit. Therefore, the Court finds

alleges that he "regularly worked in excess of Forty (40) hours per week in one or more weeks during his employment with Defendants" and that "Defendants have not paid [him] time and one-half wages for all of the actual overtime hours [he] worked [.]" (Id. ¶¶ 11, 13). Defendants admit they employed Plaintiff but deny the remainder of his allegations. (Doc. 9). On October 4, 2012, the parties advised the Court that they had reached an agreement to resolve their dispute and submitted a copy of their settlement agreement ("Settlement Agreement") for the Court's consideration. (Doc. 20). The Settlement Agreement contained what is commonly referred to as a pervasive release. After reviewing the Settlement Agreement and the joint motion to approve it, I recommended that the Court strike the pervasive release language and then approve the parties' settlement. (Doc. 21). The District Judge denied the parties' motion without prejudice, with leave to reassert their motion if they removed the offensive language. (Doc. 23). The parties have now filed their second motion for approval which includes their revised settlement agreement (the "Revised Agreement"). (Doc. 24). The Revised Agreement still contains a release but the parties have removed the pervasive language so that it no longer bars Plaintiff from asserting claims he may not currently have knowledge of and which are wholly unrelated to his FLSA claim.

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food

---

that the parties' settlement does not bar claims of other similarly situated individuals and only bars future claims by Plaintiff Ashcraft. See 29 U.S.C. § 216(b) (This section provides in pertinent part that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.  The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

In the Revised Agreement, Defendants promise to pay and Plaintiff has agreed to accept a total of $3,500 (the "Settlement Sum") of which $1,750 is allocated to the payment of overtime wages and $1,750 is allocated as liquidated damages.  The payments are to be made in installments as detailed in the first paragraph of the Revised Agreement. (Doc. 24 at 4).  While Plaintiff claimed $13,777.05 in his answers to the Court's interrogatories (Doc. 15 at 4), the parties now agree that the Settlement Sum is fair and reasonable in light of Defendants' defenses to Plaintiff's claim.  Throughout this litigation, Defendants' have argued that Plaintiff is not entitled to overtime compensation because he was "employed in a bona fide executive or administrative capacity" and was therefore an exempt employee.  (Doc. 9 at 6); see (Doc. 20 ¶ 2).  Defendants have also argued that "[f]or any periods that [Plaintiff] wasn't an exempt employee, he was fully paid with overtime payments for those work weeks for the time worked, if any, in excess of forty hours in a workweek." (Doc. 9 at 6).

The parties have also agreed that $4,000 is a reasonable attorneys' fee to be paid to Plaintiff's counsel, Shavitz Law Group and that $750 is due as costs.  The parties represent that these sums were negotiated separately from Plaintiff's recovery without regard to the amount of the Settlement Sum. (Doc. 20 at 3). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

For these reasons, and because the parties have removed the pervasive release language, the Revised Agreement passes judicial scrutiny.

### III. Recommendation

Upon consideration of the foregoing, I find that the parties' Revised Agreement is a fair and reasonable resolution of a bona fide dispute and respectfully recommend that the Court:

1. **APPROVE** the parties' Revised Agreement.
2. **GRANT** the parties' Second Joint Motion for Approval of Proposed Settlement and Stipulation for Dismissal with Prejudice (Doc. 24).
3. **TERMINATE** all pending motions.
4. **DISMISS** this action with prejudice.
5. **DIRECT** the Clerk to close the file.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 5, 2012.

THOMAS B. SMITH
United States Magistrate Judge

- 5 -

Copies furnished to:

    Presiding District Court Judge
    Counsel of Record

Case 6:12-cv-00579-JA-TBS Document 25 Filed 11/05/12 Page 5 of 5 PageID 104